**Edward C. HOBGOOD, et al.**

v.

**PARISH OF EAST BATON ROUGE, et al.**

Civ. A. No. 88-791-B.

United States District Court, M.D. Louisiana.

Dec. 15, 1988.

Ashton Stewart, Stewart, Stewart and Stewart, Baton Rouge, La., for plaintiffs.

Frank S. Craig III and Murphy J. Foster, III, Breazeale, Sachse & Wilson, Samuel Bacot, Thibaut, Thibaut, Garrett and Bacot, Baton Rouge, La., for defendants.

## OPINION

POLOZOLA, District Judge.

The plaintiffs own a tract of land near the Baton Rouge Metropolitan Airport. Plaintiffs claim that airplanes taking off from and landing at the airport interfere with the peaceable enjoyment of their property. They filed a possessory action in state court against the Parish of East Baton Rouge, the City of Baton Rouge, and the Greater Baton Rouge Airport District. Plaintiffs also seek a preliminary injunction to prevent defendants from interfering with their possession until disposition of the possessory action. The injunction presumably would prevent the defendants from using any runway which would permit an airplane arriving or taking off from the airport from flying over plaintiffs' property.

Defendants timely removed the case to this court. Thereafter, plaintiffs filed a motion to remand this suit to state court for lack of federal jurisdiction. For reasons which follow, plaintiffs' motion to remand is GRANTED.

A case may be removed to federal court under 28 U.S.C. § 1441 when that court would have had original jurisdiction over the case. This includes, but is not limited to, those claims arising under the Constitution, treaties or laws of the United States,

i.e., those cases which involve a federal question. Defendants contend that the federal government has totally pre-empted the regulation of airspace. Defendants further contend that plaintiffs' prayer for injunctive relief presents a federal question justiciable in this court.

It is well settled that a case may not be removed on the basis of a federal defense, including the defense of pre-emption.[1] This is true even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question at issue.[2]

Plaintiffs' original petition is based solely on state law possessory rights. The remedies sought are state law remedies. The only federal issue involved in this case is whether a state court can legally enjoin the use of airspace in view of the indisputable federal pre-emption on this matter. This single federal issue was not raised in plaintiffs' petition, but instead was raised by defendants in their answer and removal petition.

The United States Supreme Court in *Caterpillar, Inc. v. Williams*,[3] set forth an exception to the rule that the defense of pre-emption may not be used as grounds for removal jurisdiction. The court stated:

> There does exist, however, an "independent corollary" to the well-pleaded complaint rule, ... known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-plead-

ed complaint rule.... Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.[4]

This exception is a recent nuance in the law of removal and has been utilized in relatively few circumstances. The issue before this court is whether the regulation of airspace is covered by the complete pre-emption doctrine.

Even a cursory glance at the statutes reveals the pervasiveness of the federal presence in the area of airspace regulation. The Federal Aviation Act provides: "The United States of America is declared to possess and exercise complete and exclusive national sovereignty in the airspace of the United States...."[5] Furthermore, "no State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rate, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation."[6] The Secretary of Transportation has broad authority to regulate the use of airspace "for the protection of persons and property on the ground...."[7] Finally, the Noise Control Act of 1972 directs the Environmental Protection Agency to propose and the Federal Aviation Administration to prescribe regulations "for the control and abatement of aircraft noise and sonic boom...."[8]

In *City of Burbank v. Lockheed Air Terminal*,[9] the United States Supreme

**1.** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

**2.** *Id.*

**3.** 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

**4.** *Id.*, at ——, 107 S.Ct. at 2430, 96 L.Ed.2d at 327–28.

**5.** 49 U.S.C.A.App. § 1508(a) (West 1976).

**6.** 49 U.S.C.A.App. § 1305(a)(1) (West Supp. 1988).

**7.** 49 U.S.C.A.App. § 1348(c) (West Supp.1988).

**8.** 49 U.S.C.A.App. § 1431(c)(1) (West Supp. 1988).

**9.** 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973).

Court considered the validity of a city ordinance prohibiting airplanes from landing and taking off between certain hours. The court held that the ordinance was invalid because Congress had pre-empted the regulation of aircraft noise. The court stated: "There is, to be sure, no express pre-emption provision in the 1972 Act. That, however, is not decisive.... It is the pervasive nature of the scheme of federal regulation of aircraft noise that leads us to conclude that there is pre-emption." [10]

The federal government has clearly pre-empted the regulation of airspace. Therefore, no court, state or federal, has the power to enjoin the use of airspace in response to a state law claim. The state court must follow the same laws and jurisprudence as this court must follow on this issue. However, a conclusion that there is pre-emption does not necessarily mean that there is "complete pre-emption" in the meaning of *Caterpillar v. Williams*. Research has not revealed a single case in which the court has extended the "complete pre-emption" exception to include the regulation of airspace. And, concerns of federalism—which is always a consideration in removal cases—lead this court to decline to do so. The balance of power between federal and state courts would be tipped decidedly against the states if *Caterpillar* represented anything more than a narrow exception. Pre-emption by its very nature is "complete." Thus, it is difficult to surmise pre-empted fields in which the exception could not apply.[11]

Because the court has remanded this action, it is not necessary for the court to rule on defendants' motions to dismiss and to add additional parties. These motions may be considered by the state court.

Therefore, for the foregoing reasons,

IT IS ORDERED that plaintiffs' case be and it is hereby REMANDED to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Judgment shall be entered accordingly.

---

10. *Id.,* at 633, 93 S.Ct. at 1859–60, 36 L.Ed.2d at 553–54.

11. As was discussed *supra,* the state court lacks the power to enjoin or restrict the utilization of the airspace at issue in the instant case. This court is confident that the state court will dismiss that part of plaintiffs' case upon remand if a proper motion is filed with the court.