Kevin CRAIG

v.

**GOVERNMENT EMPLOYEES' INSUR-
ANCE COMPANY, et al.**

Civ. No. S 90–3186.

United States District Court,
D. Maryland.

Feb. 19, 1991.

Walter W. Pitsenberger, Bowie, Md., for plaintiff.

James S. Wilson, Brault, Graham, Scott and Brault, Rockville, Md., for defendant Government Employees' Ins. Co.

Philip V. Tamburello, Lawrence A. Richardson, Jr., Owings Mills, Md., for defendant Blue Cross and Blue Shield of Maryland, Inc.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This removed case is before the Court on the plaintiff's motion for remand, which will be granted, and his motion for sanctions, which will be denied. No oral argument is needed.

This suit was commenced by a complaint filed in the Circuit Court for Prince George's County, Maryland, wherein the plaintiff alleged that one of the defendants, Blue Cross and Blue Shield of Maryland, Inc. (Blue Cross) had tortiously interfered with a contract of insurance held by plaintiff with the co-defendant Government Employees' Insurance Co. (GEICO) by wrongfully asserting a subrogation claim as against certain proceeds of the GEICO policy. Blue Cross, the removing party, premised removal upon the Court's federal question jurisdiction, asserting that this Court has jurisdiction because the Blue Cross policy involved is issued pursuant to the Federal Employees' Health Benefits Act (FEHBA), a federal statute, viz., 5 U.S.C. §§ 8901–8913 (1982) (and regulations thereunder).

■ The Court, although it recognizes that interpretation of clauses in an FEHBA policy (like the subrogation clause at issue here) raises a federal question, see Tackitt v. Prudential Insurance Co., 758 F.2d 1572, 1575 (11th Cir.1985), nevertheless holds that there was no federal question raised in the plaintiff's well-pleaded com-

plaint, thus making the case non-removable. In this case, the federal question arises in a defensive posture, as a matter of federal pre-emption, rather than as an element of plaintiff's claim. In such circumstances, removal is improper, unless the federal defense so completely pre-empts the field as to make the conclusion inescapable that plaintiff's claim cannot arise other than under federal law, as is often the case with labor and, since the enactment of the Employee Retirement Income Security Act (ERISA), pension cases. *See, generally,* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3722 (1985), at 236–39 and n. 11. *See also Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir. 1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150, *reh. denied,* 474 U.S. 1014, 106 S.Ct. 547, 88 L.Ed.2d 476 (1985), and *Hobgood v. Parish of East Baton Rouge,* 703 F.Supp. 1243 (M.D.La.1988).

In this case, the pre-emptive reach of the statute at issue, the FEHBA, is not nearly so broad as to confer federal question jurisdiction, originally or on removal, on this Court. The statute itself provides as follows:

> The provisions of any contract under this chapter which relate to the nature and extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans *to the extent that such law or regulation is inconsistent with such contractual provisions.*

5 U.S.C. § 8902(m)(1) (Emphasis added.)

The one reported case interpreting the above-quoted provision concluded that its pre-emptive reach, unlike ERISA's, is quite narrow and does not pre-empt state law, as a matter of defense, unless it first be shown that a specific provision of state law (*e.g.,* recovery under a tort theory) is in fact inconsistent with the contract; the question in that case did not arise as one of federal jurisdiction, either originally or on removal, but as a matter of substantive defense to the state-law based claim. *Fields v. Blue Shield of California,* 163 Cal.App.3d 570, 589, 209 Cal.Rptr. 781, 792–93 (Cal.App. 4 Dist.1985). Even if Blue Cross had made such a showing of inconsistency in this case, the federal issue would still be essentially a matter of defense, rather than the kind of federal question, asserted in plaintiff's well-pleaded complaint, that sustains removal. Thus, the Order to be entered separately herein will remand this case to the court whence it was removed.

■ Next, because the Court cannot even begin to say that Blue Cross's counsel's position regarding removal in this case was professionally unreasonable, in that the questions raised were certainly fairly debatable and novel, at least under the statute in question, it views the plaintiff's filing of the Rule 11 motion in this case as no more than a distraction of the Court's and counsel's attention from the merits of the cause, and a waste of the Court's time. Therefore, the Court will deny the Rule 11 motion in the order to be entered herein.

■ The Court will also, in the exercise of its discretion under 28 U.S.C. § 1447(c) (1982), deny costs and/or attorney's fees on remand to the plaintiff, for two reasons. First, there is neither a factual nor a legal basis for concluding that this case was removed for dilatory or improper purposes. Second, the plaintiff's resort to Rule 11 in the circumstances of this case, while it should not be the subject of a Rule 11 "retaliatory strike," should disqualify him from the Court's favor in the form of an award of costs. Otherwise, the currency of Rule 11 would be cheapened without penalty, and the Court will not ignore the inexorable result that would follow from Gresham's Law in such a case.