**Laura V. PRIHODA, Personal Representative of the Estate of Maria S. Leisher,**

v.

**Louis A. SHPRITZ, M.D., et al.**

**No. L–95–1392.**

United States District Court, D. Maryland.

Jan. 30, 1996.

---

Marvin Ellin, and LaVonna L. Vice, of Baltimore, Maryland, for plaintiff.

Robert J. Farley, for defendants Louis A. Shpritz, M.D. and Louis A. Shpritz, M.D., P.A.

Price O. Gielen, and Bruce M. Luchansky, for defendants The Johns Hopkins Health Plan, Inc. and The Johns Hopkins Medical Services.

David A. Levin, and Linda G. Wales, for Bina Lankanpal, M.D. and Diagnostic Radiology Associates.

Mary Alane Downs, for David Peters, M.D. and Jeffrey A. Benson, M.D.

Bryan D. Bolton, and Michael E. McCabe, Jr., for defendant Prudential Health Care Plan, Inc.

## MEMORANDUM

LEGG, District Judge.

This is a medical malpractice action. The plaintiff is Laura V. Prihoda ("Prihoda"), the personal representative of the estate of the late Maria B. Leisher ("Leisher"). Prihoda filed suit in the Circuit Court for Baltimore City. Her one count complaint alleges that the "Physician Defendants"[1] failed to diagnose a tumor on Leisher's left kidney, permitting the cancer to metastasize on Leisher's left lung. Also named are the "HMO Defendants," which include Prudential Health Care Plan, Inc. ("Prudential")[2] and its alleged predecessors-in-interest, "Johns Hopkins."[3]

On May 10, 1995, Prudential (joined by Johns Hopkins) removed the case to this Court pursuant to 28 U.S.C. § 1441. Removal from state court to federal court is allowed when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. 28 U.S.C. § 1441(b). The HMO Defendants contend that Prihoda's claims against them arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1144 ("ERISA").

Having removed the case, the HMO Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. They argue that the claims against them are preempted by section 514 of ERISA, 29 U.S.C. § 1144(a), which provides that ERISA "shall supersede any and all state laws insofar as they may now or hereinafter relate to any [covered] employee benefit plan." Plaintiff opposes the motions, arguing that her claim of vicarious liability against the HMOs is not preempted. Plaintiff also seeks a remand to state court on the ground that removal was improper under the "well-pleaded complaint rule."

■ Removal and preemption are two different concepts. If a claim arises under ERISA then (i) the claim is removable to federal court, and (ii) any state claim addressing the same area is preempted. If the claim does not arise under ERISA (e.g., if ERISA is raised as a defense) then the claim is not removable and the state court will decide the ERISA defense subject to review on certiorari by the United States Supreme Court. *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995).

This Court has reviewed the papers filed by the parties and, finding that they adequately address the issues, will dispense with a hearing. Local Rule 105.6 (D.Md.). For the reasons stated herein, the Court concludes that removal was improper. By separate order, the Court will remand the case to the Circuit Court for Baltimore City. One of the questions reserved for the state court is whether ERISA preemption, which was raised as a defense, supersedes plaintiff's

---

1. The "Physician Defendants" include Louis A. Shpritz, M.D., David Peters, M.D., Jeffrey A. Benson, M.D., Bina Lankanpal, M.D., Louis A. Shpritz, M.D., P.A., and Diagnostic Radiology Associates, P.A.

2. The Court wishes to commend Mr. Bryan D. Bolton, attorney for Prudential, for his professionalism in advising the Court of developments in the case law.

3. Joining Prudential as defendants are The Johns Hopkins Health Plan, Inc. and The Johns Hopkins Medical Services Corporation (hereinafter collectively "Johns Hopkins"). The complaint alleges that Prudential was a successor to and assumed the assets and obligations of Johns Hopkins.

claim of vicarious liability against the HMO Defendants.

## I. FACTS

The HMO operated by Prudential is of the independent practice association type. Prudential has assembled a network of physicians and other providers who treat subscribers under the HMO's practice standards and payment guidelines. The physicians who participate in Prudential's HMO are not exclusive, meaning that they are at liberty to treat non-HMO patients.[4] *See* Declaration of Lynne Young.

Under Prudential's "managed care" system, the subscriber selects a primary care physician from the HMO's network, who manages the subscriber's care. If specialty care is needed, the primary care physician refers the subscriber to a specialist, who is usually in Prudential's network. *Id.*

Maria Leisher was enrolled in Prudential's HMO through a group enrollment agreement between Prudential and Leisher's employer, Investigative Testing and Engineering, Inc. Under the terms of the plan, Leisher was entitled to receive health care services upon showing her Prudential identification card and paying the co-payment. The Physician Defendants were part of the Prudential's physician network. *Id.*

The plaintiff charges the Physician Defendants with common law medical negligence. The jurors will be called on to decide whether the Physician Defendants failed to use that degree of care and skill which reasonably competent health care providers, engaged in similar specialties and acting in similar circumstances, would have used. *Shilkret v. Annapolis Emergency Hosp. Ass'n,* 276 Md. 187, 349 A.2d 245 (1975).

The plaintiff alleges that the Physician Defendants were agents of the HMO, either actual or apparent. Thus, she contends that the HMO Defendants are accountable under the principles of vicarious liability.

In her papers, plaintiff explains that she is not suing the HMO defendants on any other basis. (Plaintiff's Answer and Opposition to the Motions of the HMO Defendants to Dismiss, or in the Alternative, for Summary Judgment, at 7–8.) She does not allege that the HMO negligently supervised the Physician Defendants. She does not claim that the HMO mismanaged Leisher's medical care by failing to authorize the proper treatment or by referring her to the wrong doctors. Nor has plaintiff sought to hold the HMO Defendants liable for refusing to approve or pay for medical treatment.[5]

In order to decide the vicarious liability issue, it will be necessary to consult the language of Leisher's health plan. Neither side contends, however, that the terms and conditions of the plan displace the recognized state law standard of care. In other words, the performance of the Physician Defendants will be governed by the *Shilkret* standard and not a higher or lower contractual standard.

## II. DISCUSSION

The removal issue turns on whether or not plaintiff's claim "arises under" federal law. To answer this question, one must first consult the "well-pleaded complaint rule." Under this rule, a cause of action arises under federal law (and is removable) only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.

Federal preemption is ordinarily raised as a defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint and does not authorize removal. *See Warner,* 46 F.3d at 533.

There are exceptions to the well-pleaded complaint rule. One exception, albeit a narrow one, is that Congress may so completely preempt a particular area that any ordinary state law complaint addressing the area is converted into a federal claim.[6]

4. There are other organizational models. In some HMOs the physicians are direct employees who treat patients at facilities owned or leased by the HMO.

5. This fact distinguishes the instant case from *Pomeroy v. Johns Hopkins Medical Servs., Inc.,* 868 F.Supp. 110 (D.Md.1994).

6. The complete preemption doctrine is sometimes called a corollary rather than an exception

■ In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court held that claims falling within the scope of ERISA's civil enforcement provision (§ 502(a))[7] are completely preempted. Section 502(a) provides that a participant or beneficiary may bring a civil suit in federal court "to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.... " If a plaintiff's state law claim falls within § 502(a) it is completely preempted and "recharacterized" as one arising under federal law. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir.1995).

■ Complete preemption under § 502 is differs from "conflict preemption" under § 514(a).[8] Complete preemption under § 502(a) creates federal jurisdiction whereas conflict preemption under § 514(a) does not. State law claims that are merely subject to conflict preemption are not recharacterized as claims arising under federal law. As the Supreme Court has stated, "[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted does not establish that they are removable to federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398, 107 S.Ct. 2425, 2432, 96 L.Ed.2d 318 (1987).

■ When the doctrine of complete preemption is inapplicable, but the plaintiff's state law claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding the preemption defense. It lacks power to do anything other than remand to the state court where the preemp-

tion issue can be addressed and resolved subject to possible Supreme Court review.[9] *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3rd Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). In this regard, removal jurisdiction based on original federal jurisdiction under § 514(a) is not as broad as federal appellate jurisdiction, which extends also to federal defenses. *Warner*, 46 F.3d at 531.

■ When this case was removed, no circuit had decided whether ERISA completely preempts a claim that an HMO is vicariously liable for the alleged malpractice of one of the physicians in its provider network. Since then, the Third, Seventh and Tenth Circuits have decided that such a claim is governed by the well-pleaded complaint rule. The claim, therefore, is not removable under the complete preemption principles established in *Metropolitan Life*. *See Dukes*, 57 F.3d 350; *Rice*, 65 F.3d 637; *Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151 (10th Cir.1995). In so holding, these circuits have agreed with the analysis of the Sixth Circuit in *Warner*.

The circuit cases must be read against the backdrop of a split among the district courts. This split demonstrates the complexity of the preemption issue. *See Pacificare of Oklahoma, Inc.*, 59 F.3d at 153 (citing cases). As one district court observed, the split also illustrates that "reasonable and capable people may differ" over the proper analysis. *Kearney v. U.S. Healthcare, Inc.*, 859 F.Supp. 182, 185 (E.D.Pa.1994).

This Court is, however, persuaded by the circuit decisions, particularly the reasoning of the Third Circuit in *Dukes*. This Court concludes, therefore, that the Fourth Circuit would follow the lead of its sister circuits and

---

to the well-pleaded complaint rule. The area is so completely preempted that plaintiff's attempt to use the displaced state law (whether statutory or common) is recharacterized as a complaint arising under federal law. *See Rice v. Panchal*, 65 F.3d 637, 643 n. 6 (7th Cir.1995).

**7.** 29 U.S.C. § 1132(a).

**8.** Section 514(a) provides (with certain exceptions not relevant here) that ERISA "shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan.... " 29 U.S.C. § 1144(a).

**9.** In the case of improper removal, the federal court has jurisdiction only if the complaint is so defective that it fails to state a cause of action under either state or federal law. In that event it would be wasteful to remand the case to state court where it would face inevitable dismissal. The federal court has jurisdiction to entertain and decide a motion to dismiss. *See Childers v. C & P Tel. Co.*, 881 F.2d 1259, 1262 (4th Cir. 1989) (discussing the analogous subject of preemption under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a)).

affirm remand of this case to the Circuit Court for Baltimore City.

A suit under § 502(a) "to recover benefits due ... under the terms of [the] plan" is concerned with whether or not the benefits were furnished and not the quality of the benefits. Prihoda does not claim that the HMO Defendants withheld benefits due Leisher. Prihoda does not ask the courts to enforce rights created under the terms of the plan. Nor does she ask the court to clarify future benefits. Her complaint is concerned solely with the quality of the benefits provided.[10]

The HMO Defendants argue that permitting vicarious liability claims against HMOs would create a patchwork regulation of ERISA plans. This would interfere with the administration of plan benefits, thereby requiring employers to maintain plans differently in each state, they contend.

In their papers, defendants have demonstrated that the laws of the various states differ on the issue of vicarious liability.[11] State courts disagree on what facts are necessary to prove that a physician is an agent of an HMO. They disagree on which of the Restatement (Second) of Agency § 220 factors to apply when determining whether a physician is an employee or an independent contractor.[12] They apply different Restatement factors for the purpose of determining the existence of an employer-employee relationship.[13] They disagree regarding the proper test to use in determining the liability of an HMO based on a claim of apparent agency.[14] Several states have enacted legislation extending total or partial immunity to HMOs for the negligence of health care providers with whom the HMO contracts to provide services to its members. *See, e.g.,* Ala.Code § 27–21A–23(d) (1994); Mo.Ann. Stat. § 354.125 (Vernon Supp.1990); N.J.Stat.Ann. § 26:2J–25(d) (West 1987).

Nevertheless, Defendants have failed to demonstrate how, as a practical matter, the divergent state malpractice and vicarious liability laws, if applied to them, would interfere with the nationwide administration of ERISA plans. The liability of HMOs might vary from state to state. The HMOs, however, would not be subject to inconsistent administrative obligations of the type that occur when inconsistent local laws and court decisions cause benefit levels to vary from state to state.

The approach taken here does not eliminate the complexity of applying preemption and removal principles to ERISA cases. The distinction between the quantity of benefits due under a welfare plan and the quality of those benefits will not always be clear. In this case, however, the distinction is clear. The plaintiff is challenging only the quality of the treatment Leisher received. Thus, the case is not removable and must be remanded to state court.

10. Plaintiff argues that her suit does not involve ERISA at all. In her view, the sole benefit that Leisher received from the ERISA plan was membership in the HMO. It is uncontested that Leisher received her membership. Thus, plaintiff contends that her suit merely attacks the behavior of entities (the HMO Defendants) external to the ERISA plan. The Court need not decide this issue and will assume arguendo that the HMO Defendants, either as part of or on behalf of the ERISA plan, arranged for the delivery of the plan benefits. Under this assumption, removal jurisdiction would exist if a vicarious liability claim were within the scope of ERISA's complete preemption.

11. Through the vehicle of ERISA preemption, Congress intended the federal courts to create a uniform, nationwide body of federal common law applicable to rights and obligations under employee benefit plans. *Rice,* 65 F.3d at 646.

12. See *Harnish v. Children's Hosp. Med. Ctr.,* 387 Mass. 152, 439 N.E.2d 240 (1982); *Mduba v. Benedictine Hosp.,* 52 A.D.2d 450, 384 N.Y.S.2d 527, 529 (1976). *But see Greene v. Rogers,* 147 Ill.App.3d 1009, 101 Ill.Dec. 543, 547, 498 N.E.2d 867, 871 (1986); *Weldon v. Seminole Mun. Hosp.,* 709 P.2d 1058, 1060 (Okla.1985).

13. Compare *Stewart v. Midani,* 525 F.Supp. 843 (N.D.Ga.1981) with *Rubin v. Weissman,* 59 Md. App. 392, 475 A.2d 1235 (1984).

14. Compare *Boyd v. Albert Einstein Med. Ctr.,* 547 A.2d 1229, 1231 (1988) with *Raglin v. HMO Illinois, Inc.,* 230 Ill.App.3d 642, 172 Ill.Dec. 90, 95, 595 N.E.2d 153, 158 (1992) and *Chase v. Independent Practice Ass'n, Inc.,* 31 Mass.App.Ct. 661, 583 N.E.2d 251, 255 (1991).