Joel M. Finkelstein, Finkelstein & Curtis, Washington, DC, for plaintiff.

Richard W. Boone, Law Offices of Richard W. Boone, Vienna, VA, for defendant.

**Stephanie EDELEN, Plaintiff,**

v.

**Howard OSTERMAN, D.P.M., Defendant.**

**Civil Action No. 96–1655 (PLF).**

United States District Court, District of Columbia.

Oct. 31, 1996.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

Plaintiff originally filed her claim in the Superior Court of the District of Columbia, alleging the common law tort of negligence by the defendant, Dr. Howard Osterman, a podiatrist, in performing foot surgery. Plaintiff is a subscriber to Humana Group Health Association, a Health Maintenance Organization ("HMO"), by which Dr. Osterman is employed. Plaintiff concedes that Dr. Osterman is an employee of the HMO for ERISA purposes. Defendant removed the case to this Court under 28 U.S.C. § 1441, asserting that removal was proper because the United States District Courts have exclusive federal jurisdiction of claims relating to employee benefit plans under the Employee Retirement Income Security Act, § 514(a), 29 U.S.C. § 1001 *et seq.* Plaintiff has moved to remand the case to the Superior Court.

ERISA provides for the comprehensive federal regulation of employee benefit plans, including health care benefit plans that, "through the purchase of insurance [by an employee] or otherwise," provide "medical, surgical, or hospital care, or benefits in the

event of sickness, accident, disability, [or] death." 29 U.S.C. § 1002(1). ERISA also expressly provides that ERISA "shall supersede any and all State laws insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). Simply put, if a state law claim "relates to" an employee benefit plan, it is preempted by ERISA. 29 U.S.C. § 514(b)(2)(A). *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987).

■ Defendant argues that plaintiff's medical malpractice claim against her doctor "relates to" her employee benefit health plan and therefore is preempted by ERISA. The only evidence defendant provides to link plaintiff's claim to an employee benefit plan, however, is the fact that Dr. Osterman is employed by an HMO. Despite the Supreme Court's expansive construction of ERISA's preemption clause and the "broad common-sense meaning" it has given to the phrase "relate to," *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 47, 107 S.Ct. at 1553, the nexus defendant seeks to draw in this case is insufficient. As the Supreme Court has also noted, "Some state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). Thus, "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not subject to ERISA preemption. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988). Plaintiff's claim is one of those "run-of-the-mill" state claims that has too tenuous a relationship to an employee benefit plan to support a finding of preemption.

In *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350 (3d Cir.) *cert. denied,* —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995), the plaintiffs brought vicarious liability claims against an HMO in connection with the alleged negligent medical treatment that they received from HMO doctors. The plaintiffs were not claiming that the HMO failed properly to provide them with their healthcare plan benefits, but, as in this case, that the treating physician was negligent. The Third Circuit held that the plaintiff's medical malpractice claims were not preempted by ERISA because plaintiff's claims were not "to recover [plan] benefits due ... under the terms of [the] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan." *Id.* at 351–52 (quoting § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)). *See also Pacificare of Oklahoma, Inc. v. Burrage,* 59 F.3d 151, 154 (10th Cir.1995) (ERISA does not preempt medical malpractice claims because doctor's negligence can be reviewed without reference to benefit plan); *Rice v. Panchal,* 65 F.3d 637, 645 (7th Cir.1995) ("[T]his is a case in which 'beyond the simple need to refer to the ... [Plan], the ... [Plan] is irrelevant to the dispute....'"); *Prihoda v. Shpritz,* 914 F.Supp. 113, 117–18 (D.Md. 1996) (where issue is quality of service supplied and not whether benefits were provided, there is no ERISA preemption).[1]

Defendant relies on various cases that have found ERISA preemption in malpractice cases against HMOs themselves, particularly regarding an HMO decision to deny certain benefits to their participants. *See, e.g., Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321 (5th Cir.1992); *Kuhl v. Lincoln Health Plan of Kansas City,* 999 F.2d 298 (8th Cir.1993). Defendant's reliance on these cases is misplaced, however, because these cases involved claims relating to a denial of benefits—for example, the refusal of an HMO to pre-certify a patient for heart surgery or in-patient hospital care—rather than the quality of care provided by an HMO doctor. The plaintiffs in these cases were not claiming that their HMO doctors were negligent in caring for them; they were claiming that no care was ever provided because of the HMO's policies. The present case is completely different.

---

1. Plaintiff's claim is even one more step removed from being "related to" an employee benefit plan because the plaintiff is not suing her HMO. Plaintiff is suing only her doctor for his alleged malpractice. *See, e.g., Pacificare of Oklahoma, Inc. v. Burrage,* 59 F.3d at 154–55.

77

Under defendant's theory, every medical malpractice claim would fall under the exclusive jurisdiction of the federal district courts because of the ERISA preemption clause, so long as the defendant doctor was employed by an HMO. In light of the burgeoning HMO industry and the legions of potential HMO-related medical malpractice claims that can be brought by innumerable HMO participants, this Court, like all the other courts that have considered the issue, is reluctant to accept such an argument, and a fair reading of ERISA does not permit it. The Court concludes therefore that it has no subject matter jurisdiction over plaintiff's common law medical malpractice claim. Accordingly, it is hereby

ORDERED that plaintiff's Motion to Remand is GRANTED and the case shall be REMANDED to the Superior Court of the District of Columbia; it is

FURTHER ORDERED that the Clerk of the Court shall mail a certified copy of this order to the Clerk of the Superior Court of the District of Columbia.

SO ORDERED.